# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY HOWARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7032** |
| **ROBERT TANNER, WARDEN** | **SECTION "F"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Anthony Howard, is incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2] Howard was charged on April 19, 1999, in Jefferson Parish by bill of information with distribution of cocaine.[3] Howard pled guilty on October 26, 1999.[4] The state trial court sentenced him that same day, after waiver of legal delays, to serve 10 years in prison.[5]

At the same hearing, the State filed a multiple offender bill, to which Howard also entered a guilty plea.[6] After waiver of legal delays, the state trial court resentenced Howard to serve 15 years in prison as a multiple offender, without benefit of probation or suspension of sentence.[7] The sentence was made concurrent with sentences imposed in two other cases. The court also recommended Howard's placement in the Blue Walters Treatment Program while in custody.

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 2, Bill of Information, 4/19/99.

[4]St. Rec. Vol. 1 of 2, Plea Minutes, 10/26/99; Waiver of Constitutional Rights Plea of Guilty, 10/26/99; Plea Transcript, 10/26/99.

[5]St. Rec. Vol. 1 of 2, Plea Minutes, 10/26/99; Plea Transcript, 10/26/99.

[6]St. Rec. Vol. 1 of 2, Plea Minutes, 10/26/99; Waiver of Constitutional Rights Plea of Guilty Multiple Offender, 10/26/99; Plea Transcript, 10/26/99.

[7]St. Rec. Vol. 1 of 2, Plea Minutes, 10/26/99; Plea Transcript, 10/26/99.

Howard's conviction became final five days later, on November 2, 1999, because he did not file a notice of appeal or seek reconsideration of his sentence.[8] Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914).

About 18 months later, on April 30, 2001, Howard filed a motion in the state trial court to obtain copies of documents and his plea transcript.[9] The state trial court granted the request for a copy of his transcript and advised Howard that he could expect to receive it after January 2, 2002.[10] Howard thereafter filed a motion asking for a faster return on the transcript request.[11] The court denied that request.[12] The Louisiana Fifth Circuit also denied his subsequent and writ application on August 16, 2001.[13]

---

[8] Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At that time, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing a notice of appeal.

[9] St. Rec. Vol. 1 of 2, Motion for Production of Court Minutes, 4/30/01.

[10] St. Rec. Vol. 1 of 2, Trial Court Order, 5/7/01.

[11] St. Rec. Vol. 1 of 2, Motion for Extraordinary Writ of Mandamus, 5/29/01.

[12] St. Rec. Vol. 1 of 2, Trial Court Order, 6/12/01.

[13] St. Rec. Vol. 1 of 2, 5th Cir. Order, 01-KH-912, 8/16/01; 5th Cir. Writ Application, 01-KH-912, 8/7/01.

More than four years and nine months later, on May 24, 2006, Howard filed a motion in the state trial court seeking to correct his allegedly illegal sentence.[14] The court denied the motion on May 31, 2006, as meritless.[15] He did not seek review of this order.

More than eight months later, on February 3, 2007, Howard submitted a petition requesting annulment of his sentencing judgment.[16] The state trial court denied the petition on February 26, 2007, as a procedurally improper application for post-conviction relief, citing La. Code Crim. P. art. 930.4(D).[17] He did not seek review of this order.

Sixteen months later, on June 25, 2008, Howard submitted to the state trial court a motion to set aside his guilty plea as unknowing and involuntary.[18] The court denied the application on July 15, 2008, for seeking untimely relief pursuant to La. Code Crim. P. art. 930.8(A).[19]

---

[14] St. Rec. Vol. 1 of 2, "Motion to Correct an Illegal," 5/24/06.

[15] St. Rec. Vol. 1 of 2, Trial Court Order, 5/31/06.

[16] St. Rec. Vol. 1 of 2, Petition for Annulment of Judgment of Sentence, 2/7/07 (dated 2/3/07).

[17] St. Rec. Vol. 1 of 2, Trial Court Order, 2/26/07. La. Code Crim. P. art. 930.4(D) allows dismissal of a successive post-conviction application that raises repetitive claims which are not new or different.

[18] St. Rec. Vol. 1 of 2, Motion to Set Aside Plea of Guilty, 6/30/08 (dated 6/25/08).

[19] St. Rec. Vol. 1 of 2, Trial Court Order, 7/15/08. At the time of Howard's conviction, La. Code Crim. P. art. 930.8(A) provided a three-year period for a defendant to file for post-conviction relief.

Howard filed a writ application with the Louisiana Fifth Circuit Court of Appeal on August 13, 2008.[20] The court denied the application without reasons on September 18, 2008.[21] The court subsequently refused Howard's application for rehearing.[22]

In the meantime, Howard submitted a writ application to the Louisiana Supreme Court seeking review of that order.[23] On September 18, 2009, the court denied the application for seeking untimely relief, citing La. Code Crim. P. art. 930.8, State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995), and State v. Parker, 711 So.2d 694 (La. 1998).[24]

## II. FEDERAL HABEAS PETITION

On October 24, 2009, the clerk of this court filed Howard's petition for federal habeas corpus relief in which he raised two issues:[25] (1) Whether compliance with a plea

---

[20]St. Rec. Vol. 1 of 2, 5th Cir. Writ Application, 08-KH-677, 8/13/08 (postmarked 8/11/08).

[21]St. Rec. Vol. 1 of 2, 5th Cir. Order, 08-KH-677, 9/18/08.

[22]St. Rec. Vol. 1 of 2, 5th Cir. Order, 08-KH-677, 10/28/08; Application for Rehearing, 08-KH-677, 9/30/08 (postmarked 9/26/08, dated 9/25/08).

[23]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 08-KH-2694, 11/14/08 (postal meter 10/16/08, dated 10/15/08); La. S. Ct. Letter, 2008-KH-2694, 11/14/08 (postal meter 10/16/08).

[24]St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2008-KH-2694, 9/18/09. In State ex rel. Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under Article 930.8, even if the lower court addressed the merits or did not consider timeliness. In Parker, the Louisiana Supreme Court held that the limitation period under Article 930.8, preempts the language in La. Code Crim. P. art. 882 dealing with the timing of a motion to correct illegal sentence.

[25]Rec. Doc. No. 1.

agreement relates to the legality of the sentence; (2) whether the State of Louisiana has applied state law that impairs the obligations of contract.

The State filed a response in opposition to the petition, arguing that Howard's federal petition was not timely filed.[26]

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[27] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Howard's petition, which, for reasons discussed below, is deemed filed in this federal court on October 14, 2009.[28]

---

[26] Rec. Doc. No. 10.

[27] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[28] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Howard's petition was filed by the clerk of this court on October 24, 2009, when the filing fee was received. Howard's signature on his petition was dated October 14, 2009. This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing. The fact that he

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The State argues and I find that Howard's petition was not timely filed in this court.

IV. STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[29] Duncan v. Walker, 533 U.S. 167, 179-80

---

paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See Cousin, 310 F.3d at 843 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

[29]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

(2001). Howard's conviction was final on November 2, 1999, when he did not pursue review of his sentence or conviction. See Cousin, 310 F.3d at 845.

Thus, under a literal application of the statute, Howard had one year from the date his conviction became final, or until November 2, 2000, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Howard has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my

review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed

<u>application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does <u>not</u> create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); <u>Gray v. Waters</u>, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable

procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state

filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for document and transcript copies, like those filed by this petitioner, are not other collateral review for purposes of the tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA limitations period began to run in Howard's case on November 3, 1999, the day after his conviction was final. The limitations period ran uninterrupted for 365 days, until November 2, 2000, when it expired. Howard had no properly filed state post-conviction or other collateral review proceedings pending during that time period. In addition to this one-year period of time, Howard allowed another

2724 days, or almost seven and one-half years, to lapse without any properly filed state post-conviction or other collateral review proceedings pending after his conviction was final and before he submitted his federal petition. Specifically, 2028 days (more than five and one-half years) lapsed after the AEDPA statute of limitations period expired on November 2, 2000, before Howard submitted his motion to correct an illegal sentence on May 24, 2006. His pursuit of document and transcript copies between April 30, 2001 and August 16, 2001, did not constitute state post-conviction or other collateral review proceedings. He allowed another 217 days to lapse after finality of the trial court's ruling on his motion to correct and his submission of the "Petition for Annulment of Judgment of Sentence" on February 3, 2007. He allowed another 454 days to pass between finality of the trial court's order denying that petition before submission of his motion to set aside his guilty plea on June 25, 2008. After resolution of the related writ application in the Louisiana Supreme Court on September 18, 2009, he allowed another 25 days to pass before submitting his federal petition to this court.

The record establishes that, after his conviction became final, Howard allowed substantially more than one year to lapse without any properly filed and pending state court proceedings and without having filed a timely federal petition for habeas corpus relief. His federal habeas corpus petition is clearly time-barred and must be dismissed for that reason.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that the petition of Anthony Howard for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[30]

New Orleans, Louisiana, this ___7th___ day of May, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[30] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.